IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02174-MSK-BNB

ZOSIMO REYES SAENZ,

Petitioner,

v.

RENE GARCIA, JR., Warden,

Respondent.

## ORDER

This matter is before me on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"), filed by Zosimo Reyes Saenz (the "petitioner") and the respondent's Response to Order to Show Cause Why Habeas Application Should Not Be Granted [Doc. #10] (the "Response").

The petitioner is an inmate at the Federal Correctional Institution ("FCI") in Englewood, Colorado. *Application*, p. 1.[1] He is serving a 235 month sentence for Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. I 841(A)(1) and 841(B)(1)(A)(VIII), and a consecutive 60 month sentence for Using and Carrying a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1), for a total sentence of 295 months. *Response*, Attachment A to the Declaration of Benjamin J. Brieschke, pp. 3-4.

---

[1] I refer to the page numbers of the Application and its attachments as they are assigned by the court's docketing system.

The petitioner is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Providing the Application a liberal construction under Haines, the petitioner alleges that in violation of his due process, equal protection, and statutory rights, the respondent has wrongfully refused to place him and/or consider placing him in home confinement and community corrections confinement pursuant to the Second Chance Act, 42 U.S.C. § 17541. *Application*, pp. 2-5; 7-4; 12, 14-19. The respondent has addressed only the petitioner's claim for violation of his statutory rights stemming from the refusal to place him in home confinement. The respondent does not address the petitioner's claims for violations of his due process and equal protection rights, nor does he address the petitioner's claims regarding the refusal to place him and/or consider placing him in community corrections confinement pursuant to the Second Chance Act.[2] Accordingly,

IT IS ORDERED that on or before **April 15, 2010**, the respondent shall file a supplemental brief which addresses the petitioner's claims for violations of his due process and equal protection rights regarding placement in home confinement, and his claims for violations of his due process, equal protection, and statutory rights regarding placement in community corrections confinement.

IT IS FURTHER ORDERED that the petitioner shall file a reply to the respondent's supplemental brief on or before **May 10, 2010**.

---

[2] I note that in his Preliminary Response to Application for Writ of Habeas Corpus [Doc. #6], the respondent recognizes that the petitioner "alleges that the Respondent wrongfully refused to consider the Applicant for placement in [CCC] or home confinement, in violation of his due process, equal protection, and statutory rights." Id. at ¶ 3.

2

Dated April 1, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge