**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 09-cv-02174-WJM-BNB

ZOSIMO REYES SAENZ,

      Petitioner,

v.

RENE GARCIA, JR., Warden,

      Respondent.

---

**ORDER ADOPTING FEBRUARY 23, 2011 RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

---

      This matter comes before the Court on the Recommendation on Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Recommendation"), ECF No. 1, from United States Magistrate Judge Boyd N. Boland.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

      Petitioner alleges Respondent violated his due process, equal protection, and statutory rights in denying Petitioner placement in a halfway house under the Second Chance Act of 2007, 42 U.S.C. § 17501 *et seq.* ("Second Chance Act"), and placement in home confinement under the Elderly Offender Home Detention Pilot Program, 42 U.S.C. (s) 17541 ("Elderly Pilot Program").  (ECF No. 26 at 2.)  The Magistrate Judge recommends that the Court deny Petitioner's application for a writ of habeas corpus ("Application"), ECF No. 1.  Petitioner filed an objection to the Recommendation, ECF No. 27.

**STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

The Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

2

**DISCUSSION**

**A.     Due Process and Equal Protection Claims**

The Magistrate Judge recommends the due process and equal protection claims be denied.  (ECF No. 26 at 5, 7.)  Petitioner did not object to this recommendation.

Given that omission, the Court need not engage in a *de novo* review of this recommendation.  *Summers*, 927 F.2d at 1167.  The Court concludes "there is no clear error . . . ."  Fed. R. Civ. P. 72 Advisory Committee's Note.  Thus, the Court adopts the Magistrate Judge's recommendation regarding the due process and equal protection claims.

**B.     Statutory Rights Claim**

In his Application, Petitioner seeks to be placed in a halfway house under the Second Chance Act, *id.* at 2, or in home detention under the Elderly Pilot Program, *id.* at 3.  The Magistrate Judge found, through a review of the record, that Petitioner is not yet eligible for placement in a halfway house or home detention.  (*Id.* at 4.)  Petitioner objects to the Magistrate Judge's assessment of his eligibility for home detention. (Objection, ECF No. 27 at 1.)  Therefore, the Court reviews this portion of the Application *de novo*.  *See* Fed. R. Civ. P. 72(b)(3).

The Elderly Pilot Program was authorized by Congress to "determine the effectiveness of removing eligible elderly offenders from Bureau facilities and placing them on home detention until the expiration of their prison terms."  (ECF No. 13-3 at 1.) An offender is eligible for the program if he is 65 years or older,[1] does not have a history

---

[1] 42 U.S.C. § 17541(g)(5)(A)(I).

of violence,[2] and has "served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced."[3]  At issue is the calculation of when Petitioner is eligible for the Elderly Pilot Program.

Petitioner is an inmate at the Federal Correctional Institution in Taft, California serving a 235-month sentence for Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and a consecutive 60-month sentence for Using and Carrying a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1), for a total sentence of 295 months.  (ECF No. 26 at 1-2.)  Petitioner began serving this sentence on January 5, 1996.  (*Id.* at 4.)  Petitioner served 10 years of his sentence on January 5, 2006.  (*Id.*)  However, the Elderly Pilot Program allows for eligibility after the "*greater of* 10 years or 75 percent" of the sentence.  Seventy-five percent of Petitioner's 295-month sentence is 221 months served.  (ECF No. 13-1 at ¶ 8.)  Petitioner achieves 75 percent of his sentence on August 24, 2013.  (*Id.*)  Therefore, as the Recommendation correctly determined, Petitioner is not currently eligible for the Elderly Pilot Program.  The Court thus adopts the Magistrate Judge's Recommendation as the findings and conclusions of the Court.

Petitioner did not object to the Magistrate Judge's Recommendation that Petitioner's Application as relates to the Second Chance Act claim be dismissed.  (*Id.* at 2.)  The Court therefore adopts the Recommendation as the findings and conclusions of

---

[2] 42 U.S.C. § 17541(g)(5)(A)(iv).

[3] 42 U.S.C. § 17541(g)(5)(A)(ii).

the Court with relation to the Second Chance Act claim.

## CONCLUSION

Accordingly, it is:

ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 26, is ACCEPTED. It is further

ORDERED that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DENIED, and this case is DISMISSED with prejudice.

Dated this 4th day of May, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge